JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Carey Roberts

**DEFENDANTS**

1425 Horsham SNF Operations LLC d/b/a Horsham Center for Jewish Life

**(b)** County of Residence of First Listed Plaintiff  Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Duffy North- Christopher Manno & Joshua Ganz
104 N. York Road, Hatboro, PA 19040; 215 675 7300

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                          *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☒ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | Pharmaceutical Personal Injury | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** ☐ 370 Other Fraud | **LABOR** ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending ☐ 380 Other Personal | ☐ 720 Labor/Management | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | Property Damage | Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty **Other:** | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other ☐ 550 Civil Rights | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File | |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
False Claims Act- 31 U.S. Code § 3730

Brief description of cause:
Retaliation against Employee under 31 U.S. Code § 3730(h)(1)

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 150,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE 7/2/26

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: _Montgomery County, Pennsylvania_____

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?                                     Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?     Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?   Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?   Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.   Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief  **\*see certification below\***
☒ 16. All Other Federal Question Cases. *(Please specify)*: _False Claims Act_____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury (*Please specify*):_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____
_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Carey Roberts | : | CIVIL ACTION |
| | : | |
| | : | |
| v. | : | |
| 1425 Horsham SNF Operations LLC | : | |
| | : | NO.  2:26-cv-04601 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See § 1:03 of the plan set forth on the reverse side of this form.)   In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)  Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    (   )

(b)  Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                    (   )

(c)  Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    (   )

(d)  Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                    (   )

(e)  Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court.  (See reverse side of this form for a detailed explanation of special
management cases.)                    (   )

(f)  Standard Management – Cases that do not fall into any one of the other tracks.          (X )


| 07/02/2026 | Christopher Manno | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215 675 7300 | | cmanno@duffynorth.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02


American LegalNet, Inc.
www.FormsWorkFlow.com

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CAREY ROBERTS | : | CIVIL ACTION |
| | : | |
| | : | |
| | : | |
| Plaintiff, | : | NO:        2:26-cv-04601 |
| v. | : | |
| | : | |
| 1425 HORSHAM SNF OPERATIONS | : | JURY TRIAL DEMANDED |
| LLC d/b/a HORSHAM CENTER FOR | : | |
| JEWISH LIFE | : | |
| | : | |
| Defendant. | : | |

---

**COMPLAINT AND JURY DEMAND**

Plaintiff, Carey Roberts, by and through her undersigned counsel, through this Complaint hereby alleges against Defendant 1425 Horsham SNF Operations LLC d/b/a Horsham Center for Jewish Life  (hereafter referred to as "Defendant" or "Defendant Horsham Center") the following:

I.    **INTRODUCTION**

1.    This action for declaratory, injunctive, monetary and other appropriate relief is brought by Plaintiff to redress violations by the Defendant of rights secured to the Plaintiff by the laws of the United States of America and the Commonwealth of Pennsylvania.

2.    This action arises under the anti-retaliation provisions of the Federal False Claims Act, 31 U.S.C. § 3730(h), the Pennsylvania Whistleblower Law, 43 P.S. §§ 1421-1428 and the public policy exception to at-will employment under Pennsylvania common law.

3.    The claims are brought by Plaintiff to redress Defendant's arbitrary, improper, unlawful, willful, deliberate, and intentional retaliation against Plaintiff for reporting and opposing suspected Medicare billing fraud and other unlawful billing practices, and for engaging in protected whistleblower activity.

1

## II.   <u>JURISDICTION AND VENUE</u>

4.     The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. § 1331 and the False Claims Act which provides original jurisdiction of Plaintiff's claims arising under the laws of the United States and over actions to recover damages and to secure equitable and other relief under the appropriate governing statutes.

5.     Supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367, to consider Plaintiff's claims arising under the Pennsylvania Whistleblower Law, 43 P.S. §§ 1421-1428 and the public policy exception to at-will employment under Pennsylvania common law.

6.     The venue of this Court is invoked pursuant to Title 28 U.S.C. §1391(c). The events complained of herein occurred exclusively in Montgomery County, Pennsylvania at Defendant's location in North Wales, Pennsylvania.

## III.   <u>PARTIES</u>

7.     Plaintiff, Carey Roberts, is an adult individual who resides at 144 Spring Avenue, Hatboro, PA 19040.

8.     At all times material hereto, Plaintiff was a resident and citizen of the Commonwealth of Pennsylvania.

9.     Defendant 1425 Horsham SNF Operations LLC is a Delaware entity with a principal place of business at 1425 Horsham Road, North Wales, PA 19454.

10.    Defendant is a nursing home that provides acute care and a rehabilitation center.

11.    At the time of Defendant's False Claims Act and Pennsylvania Whistleblower violations, Plaintiff Carey Roberts was employed by Defendant as an Occupational Therapist.

12.     At all times relevant hereto, Defendant  was acting through its agents, servants and employees, who were authorized and acting within the scope of their authority, course of employment, and under the direct control of Defendant.

13.     Defendant is a healthcare facility and public body within the meaning of the Pennsylvania Whistleblower Law, 43 P.S. § 1422, in that it receives substantial funding through federal and state healthcare programs, including Medicare and Medicaid.

## IV.    <u>STATEMENT OF CLAIMS</u>

14.     Plaintiff began working at the Horsham Center for Jewish Life as an Occupational Therapist in the beginning of 2020.

15.     Throughout her tenure with the Defendant, Plaintiff performed her job functions in a dutiful and competent manner and was even responsible for training new employees.

16.     Plaintiff's responsibilities included, but were not limited to, assessing and treating patients to improve their ability to perform daily activities, developing care plans in collaboration with other medical professionals, monitoring progress and adjusting treatment of patients and supervising Occupational Therapy Assistants.

17.     During the summer of 2025, Defendant hired an individual James Kelly as a Certified Occupational Therapy Assistant.

18.     Shortly after his hiring, Plaintiff observed what she reasonably believed to be fraudulent billing practices and substandard patient care.

19.     Specifically, Plaintiff observed Mr. Kelly billing for services that were not provided to patients.

20.     Since Mr. Kelly was a new hire, Plaintiff initially raised her concerns directly with him.

3

21. Despite raising her concerns, Mr. Kelly's conduct continued so Plaintiff reported her concerns to her direct supervisor, Tanya Christiansen.

22. Upon information and belief, Ms. Christiansen spoke with Mr. Kelly about Plaintiff's concerns.

23. Ms. Christiansen resigned shortly thereafter and Nick Sharer became Plaintiff's direct supervisor.

24. Mr. Kelly's concerning conduct continued throughout the fall of 2025 and Plaintiff raised numerous complaints to Mr. Sharer and his supervisor Joy Goettner, about what she reasonably believed to be fraudulent billing practices.

25. The fraudulent billing practices include, but are not limited to, using incorrect billing codes, keeping patients longer than necessary, billing for care that was not provided to patients, and providing unnecessary care.

26. Plaintiff's complaints to Mr. Sharer included explicit comments that Mr. Kelly was billing Medicare for treatment that was not rendered.

27. Despite assurances from Mr. Sharer that the matter would be addressed, Mr. Kelly's billing practices continued.

28. On or about December 31, 2025, Plaintiff spoke with Mr. Sharer via telephone to discuss a recent issue with a patient and the ongoing billing practices.

29. During the conversation, Plaintiff specifically reiterated that she had raised these concerns several times and Mr. Sharer responded "I know".

30. On January 6, 2026, Plaintiff received a phone call from Defendant's Human Resource department that Defendant "was going in a different direction" and that her employment

4

31.    In shock, Plaintiff requested a more specific explanation and was told "it is what it is".

32.    Plaintiff requested a meeting to discuss her termination but was denied.

33.    Plaintiff believes and therefore avers that Defendant's reason for her termination was pretextual and that her employment was terminated in retaliation for complaining about fraudulent Medicare billing practices.

34.    As a result of Defendant's unlawful retaliation, Plaintiff has suffered mental anguish and embarrassment and has lost wages and other employee benefits.

**COUNT I-**
**RETALIATION IN VIOLATION OF THE FALSE CLAIMS ACT**

35.    Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if fully set forth at length herein.

36.    The False Claims Act, 31 U.S.C. § 3730(h), prohibits an employer from discharging, demoting, suspending, threatening, harassing, or otherwise discriminating against an employee because of lawful acts undertaken by the employee in furtherance of efforts to stop one or more violations of the False Claims Act.

37.    During her employment with Defendant, Plaintiff engaged in protected activity under the False Claims Act by reporting, objecting to, and attempting to stop conduct that she reasonably believed constituted Medicare billing fraud and the submission of false claims.

38.    Specifically, Plaintiff observed Certified Occupational Therapy Assistant James Kelly billing for services that were not rendered to patients, using incorrect billing codes, keeping patients longer than necessary, providing unnecessary care to patients.

39.    On multiple occasions, Plaintiff expressly informed Defendant's supervisory personnel, including Tanya Christiansen, Mr. Sharer, and Joy Goettner about the billing inconsistencies she observed.

40.    Plaintiff's complaints constituted lawful efforts to stop conduct that she reasonably believed would result in the submission of false or fraudulent claims to Medicare.

41.    Defendant was aware of Plaintiff's protected activity because Plaintiff repeatedly reported her concerns regarding fraudulent Medicare billing practices directly to Defendant's supervisory personnel.

42.    Despite Plaintiff's repeated complaints, Defendant failed to take adequate corrective action to address the fraudulent billing practices she reported.

43.    On or about January 5, 2026, shortly after Plaintiff again complained about fraudulent Medicare billing practices during a telephone conversation with her supervisor on December 31, 2025, Defendant terminated Plaintiff's employment.

44.    The temporal proximity between Plaintiff's protected activity and her termination, together with Defendant's knowledge of Plaintiff's complaints, supports a reasonable inference that Defendant terminated Plaintiff because of her protected activity.

45.    Defendant's stated reason for terminating Plaintiff's employment was false, pretextual, and intended to conceal its retaliatory motive.

46.    Defendant discharged Plaintiff because she engaged in protected activity under the False Claims Act and attempted to stop conduct that she reasonably believed violated federal law.

47.    Defendant's conduct violated the anti-retaliation provisions of the False Claims Act, 31 U.S.C. § 3730(h).

6

48.     As a direct and proximate result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer lost wages, lost benefits, loss of future earnings, emotional distress, humiliation, embarrassment, mental anguish, and other compensatory damages.

49.     Pursuant to 31 U.S.C. § 3730(h), Plaintiff is entitled to all available relief, including reinstatement or front pay in lieu thereof, two times the amount of back pay, interest on back pay, compensation for special damages, attorneys' fees, costs, and all other relief permitted by law.

**COUNT II-
RETALIATION IN VIOLATION OF THE PENNSYLVANIA WHISTLEBLOWER LAW**

50.     Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if fully set forth at length herein

51.     The Pennsylvania Whistleblower Law, 43 P.S. §§ 1421-1428, prohibits a public body from discharging, threatening, or otherwise discriminating or retaliating against an employee regarding compensation, terms, conditions, location, or privileges of employment because the employee makes a good-faith report of wrongdoing or waste.

52.     At all relevant times, Defendant was a "public body" within the meaning of 43 P.S. § 1422 because it received and continues to receive substantial public funding through federal and state healthcare programs, including Medicare and Medicaid.

53.     At all relevant times, Plaintiff was an employee within the meaning of the Pennsylvania Whistleblower Law.

54.     During the course of her employment, Plaintiff made numerous good-faith reports of wrongdoing to Defendant's supervisory personnel, including Tanya Christiansen, Mr. Sharer, and Joy Goettner.

55. Specifically, Plaintiff reported that Certified Occupational Therapy Assistant James Kelly was billing Medicare for treatment services that were not rendered to patients, using incorrect codes when billing patients, and keeping patients longer than necessary.

56. Plaintiff reasonably believed that such conduct constituted wrongdoing, including violations of federal and state laws, regulations, and standards governing Medicare billing and reimbursement.

57. Plaintiff's reports were made in good faith and were intended to prevent fraudulent billing practices and protect patients and public healthcare funds.

58. Defendant was aware of Plaintiff's reports of wrongdoing because Plaintiff repeatedly communicated her concerns directly to Defendant's supervisory personnel.

59. On or about January 5, 2026, Defendant terminated Plaintiff's employment.

60. Plaintiff's termination occurred shortly after her repeated reports of wrongdoing and shortly after she again raised concerns regarding fraudulent Medicare billing practices on December 31, 2025.

61. Defendant terminated Plaintiff because she reported wrongdoing and engaged in activity protected by the Pennsylvania Whistleblower Law.

62. Defendant's stated reason for Plaintiff's termination was false, pretextual, and intended to conceal its retaliatory motive.

63. Defendant's actions constituted unlawful retaliation in violation of the Pennsylvania Whistleblower Law, 43 P.S. § 1423.

64. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered lost wages, lost employment benefits, loss of earning capacity, emotional distress, humiliation, embarrassment, mental anguish, and other damages.

65.     Pursuant to 43 P.S. § 1425, Plaintiff is entitled to all available relief, including reinstatement, back pay, restoration of benefits and seniority rights, compensatory damages, attorneys' fees, costs, and such other relief as the Court deems appropriate.

**COUNT III-**
**WRONGFUL DISCHARGE IN VIOLATION OF PENNSYLVANIA PUBLIC POLICY**
**(PLED IN THE ALTERNATIVE)**

66.     Plaintiff incorporates by reference the preceding paragraphs of this complaint as if set forth herein at length.

67.     At all relevant times, Plaintiff was employed by Defendant as an at-will employee.

68.     Pennsylvania recognizes a cause of action for wrongful discharge where an employee is terminated in violation of a clear mandate of public policy.

69.     The Commonwealth of Pennsylvania and the United States have a strong and well-established public policy against healthcare fraud, including the submission of false claims to Medicare and Medicaid and the misuse of public healthcare funds.

70.     The Commonwealth of Pennsylvania and the United States further maintain a strong public policy favoring the reporting of fraudulent, unlawful, and unethical conduct affecting patient care and government-funded healthcare programs.

71.     Plaintiff observed conduct that she reasonably believed constituted fraudulent Medicare billing practices, including the billing of Medicare for treatment services that were not rendered to patients.

72.     Plaintiff repeatedly reported her concerns regarding such conduct to Defendant's supervisory personnel.

73.     Plaintiff's reports were made in good faith and were intended to prevent unlawful conduct and protect public healthcare funds.

9

74.    Defendant terminated Plaintiff's employment because she reported and opposed conduct that she reasonably believed constituted Medicare billing fraud.

75.    Defendant's decision to terminate Plaintiff for reporting suspected Medicare fraud violated a clear mandate of Pennsylvania and federal public policy.

76.    Defendant's stated reason for Plaintiff's termination was false, pretextual, and intended to conceal its unlawful retaliatory motive.

77.    As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has suffered lost wages, lost employment benefits, loss of earning capacity, emotional distress, humiliation, embarrassment, mental anguish, and other damages.

78.    In the event the Court determines that Plaintiff lacks an adequate statutory remedy for Defendant's retaliatory conduct, Plaintiff is entitled to recover all damages available under Pennsylvania common law for wrongful discharge in violation of public policy.

**WHEREFORE**, Plaintiff requests this Court to enter judgment in her favor and against Defendant and order that:

(a) Defendant compensate Plaintiff for the wages and other benefits and emoluments of employment lost, because of their unlawful conduct;

(b) Defendant pay to Plaintiff compensatory damages for future pecuniary losses, pain, suffering, loss of employment and other non-pecuniary losses as allowable.

(c) Defendant pay to Plaintiff punitive damages, pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law:

(d) The Court award such other relief as is deemed just and proper.

Plaintiff demands trial by jury.

10

Respectfully submitted,

Duffy North

By:        <u>   /s/ Christopher Manno   </u>
Christopher Manno, Esquire
I.D. # 326192
Joshua S. Ganz, Esquire
I.D.# 85838
104 N. York Road
Hatboro, PA 19040
(215)675-7300
Attorneys for Plaintiff

11